IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLORDIA NOVELLA HAWTHORNE,
    Plaintiff,

v.

LOUIS DEJOY, Postmaster General,
    Defendant.

Civil Action No.
1:21-cv-03885-SDG

**OPINION AND ORDER**

This matter is before the Court on United States Magistrate Judge J. Clay Fuller's Final Report and Recommendation (R&R) [ECF 17], and Plaintiff Clordia Novella Hawthorne's objections to the R&R [ECF 19]. After careful consideration of the record, Hawthorne's objections [ECF 19] are **OVERRULED** and the R&R [ECF 17] is **ADOPTED** as the Order of this Court.

**I.     LEGAL STANDARD**

A party challenging a report and recommendation issued by a United States Magistrate Judge must file, within fourteen days, written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objections. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). Subsequently, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. It may consider an argument that was never presented to the magistrate judge, or it may decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). Importantly, though *pro se* parties' filings must be leniently construed, "*pro se* litigants are [nevertheless] required to comply with applicable procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

## II.    FACTUAL AND PROCEDRUAL BACKGROUND

On November 4, 2021, proceeding *pro se* and *in forma pauperis*, Hawthorne filed her Complaint alleging employment discrimination.[1] Two weeks later, in response to Judge Fuller's order to replead her complaint to specifically describe the employment actions that she contends are discriminatory,[2] Hawthorne amended her Complaint.[3] This time, she alleged claims for Title VII discrimination and retaliation on the basis of her race and sex.[4] On November 26, 2022, Defendant Louis DeJoy moved to dismiss Hawthorne's Amended Complaint for failure to state a claim.[5] On June 27, 2023, Judge Fuller issued his R&R, recommending dismissal of the Amended Complaint.[6] On July 11, 2023, several months after DeJoy filed his motion to dismiss, Hawthorne filed a response brief. Though the brief is untimely, LR 7.1(B) ("Any party opposing a motion shall serve the party's response . . . not later than fourteen (14) days after service of the motion . . . ."), the Court construes Hawthorne's response brief as objections to the R&R and

---

[1]  ECF 2.

[2]  ECF 3.

[3]  ECF 5.

[4]  *Id.*

[5]  ECF 15.

[6]  ECF 17.

considers them now.[7] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[*P*]*ro se* document[s] are to be liberally construed.") (cleaned up).

### III. ANALYSIS

Hawthorne's objections are defective in two ways. First, Hawthorne does not specifically identify anything erroneous in the R&R or explicitly take exception to its reasoning. *Schultz*, 565 F.3d at 1361. Rather, Hawthorne merely reasserts the allegations contained in her prior pleadings, which Judge Fuller found to be lacking.[8] For example, Hawthorne continues to make conclusory allegations of "bias treatment." Accordingly, these objections are "generalized re-assertion[s]" of prior arguments and do not "challenge [the] reasoning" of the R&R at all. *Id.* at 1360. In order to prevail, Hawthorne was required to explain why the R&R was incorrect; she did not.

Second, Hawthorne asserts new arguments and theories. Indeed, Hawthorne's objections claim for the first time that her supervisor "would assign her postal vehicle to another carrier to delay her," and the postmaster "would take

---

[7]   ECF 19.

[8]   *See, e.g.*, ECF 17, at 13 ("Plaintiff has alleged no facts that plausibly demonstrate that Camacho's apparently more favorable treatment of [Camacho's] sibling was due to race or sex, as opposed to the fact that the employee was Camacho's family member.").

her working mail and hide it to delay her."⁹ These contentions were not presented to Judge Fuller, so the Court need not consider them. *Moss v. City of Atlanta Fire Dept.*, 2016 WL 5539681, at *4 (N.D. Ga. 2016) ("[W]hile a district judge may consider new evidence and arguments raised for the first time in an objection to a magistrate judge's R&R, the district judge is not obligated to do so."); *Williams*, 557 F.3d at 1292("[A]llowing new arguments and evidence to be presented after the issuance of an R&R would frustrate the purpose of the magistrate-judge system."). So, the Court declines to consider these new allegations. *Kenney v. PennyMac Loan Serv.*, 2017 WL 10991376, at *2 (N.D. Ga. 2017) (declining to hear the *pro se* plaintiff's new arguments and evidence on the basis that they were presented after the issuance of the R&R).

The Court has reviewed the remainder of the R&R and finds no clear error and that it is supported by law. *Robinson v. Carrinton Mortg. Serv., LLC*, 2016 WL 11570441, at * 1 (N.D. Ga. 2016) (citing Fed. R. Civ. P. 72(b)) ("[The court] need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The R&R is adopted in full.

---

⁹   ECF 19, at 4 (cleaned up).

## IV. CONCLUSION

The Court **OVERRULES** Hawthorne's objections [ECF 19], and **ADOPTS** the R&R [ECF 17] as the opinion of this Court. Defendant's Motion to Dismiss [ECF 15] is **GRANTED**. The Clerk is **DIRECTED** to enter judgment and close the case.

**SO ORDERED** this 21st day of August, 2023.

Steven D. Grimberg
United States District Court Judge